# In the United States Court of Federal Claims

No. 25-949
Filed: June 20, 2025

|  |  |
|---|---|
| JOHN W. MILLER, | ) |
|  | ) |
| *Plaintiff*, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| *Defendant*. | ) |
|  | ) |

## <u>ORDER</u>

Plaintiff's flurry of filings has continued unabated. He now has roughly 25 motions pending, many of which are redundant. The court resolves a few.

> 1.    <u>Plaintiff's motion to reject the Government's yet-to-be-filed motion to dismiss as frivolous is meritless.</u>

After speaking with Government counsel, Plaintiff filed an "emergency" motion to reject the Government's expected motion to dismiss as frivolous. ECF No. 48. Plaintiff's motion is frivolous. Plaintiff has no idea what the Government will argue and has no basis to consider it frivolous. Based on this court's review of Plaintiff's filings thus far, it is likely that the Government's motion will be meritorious on many fronts. As this court said before, it came very close to issuing an order to show cause why this court should not dismiss this action based on a lack of this court's subject-matter jurisdiction. As the Supreme Court has made clear: "The objection that a federal court lacks subject-matter jurisdiction, *see* [Rule of the Court of Federal Claims] 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial on the merits and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

While the court does not decide its jurisdiction in this order, it explains why there are multiple grounds on which the Government may move to dismiss that are far from frivolous. In fact, some are almost certain to succeed. As an example, insofar as there are claims against any party other than the United States, *e.g.*, ECF Nos. 11 & 14 (claims against Apple, Inc.), 16 (claim against individual), ECF No. 1 ¶¶ 9-11 (allegations about the conduct of judges on other courts);

ECF Nos. 32, 33, 36, & 47,[1] this court lacks jurisdiction.  As the Supreme Court explained long ago, "if the relief sought is against others than the United States the suit as to them *must be ignored* as beyond the jurisdiction of the court."  *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (emphasis added).  And many of these allegations appear to raise tort claims, which are beyond this court's jurisdiction.  28 U.S.C. § 1491(a)(1) (limiting this court's jurisdiction to claims "not sounding in tort").

As another example, several of Plaintiff's arguments appear to call on this court to review the decisions of district courts that he does not like.  *E.g.*, ECF No. 1 ¶¶ 9-11 (allegations about the conduct of judges on other courts); ECF No. 34.  Any such claim is outside this court's jurisdiction because "the Court of Federal Claims lacks jurisdiction to review the merits of a decision rendered by a federal district court."  *Petro-Hunt, L.L.C. v. United States*, 862 F.3d 1370, 1385 (Fed. Cir. 2017) (citation omitted).  This limitation appears to strike the heart of Plaintiff's claims; he asserts that the United States District Court for the Northern District of Texas entered a default judgment against the United States.  But that court's docket reveals something very different:

- Feb. 9, 2023 – Plaintiff filed a motion for entry of default and a motion for entry of default judgment.  ECF Nos. 24-25.[2]  ECF No. 24 is the same document that Plaintiff filed as Exhibit A to his complaint before this court.

- Feb. 10, 2023 – A docket entry provides "The clerk *declines* to issue default at this time, as an attempt to defend has been made by defendant."  (emphasis added).

- Feb. 10, 2023 – Plaintiff moved (he said "demand[ed]") the clerk enter default.  ECF No. 26.

- Feb. 13, 2023 – Plaintiff amended his motion for default.  ECF No. 29.

- Feb. 14, 2023 – A docket entry provides "The clerk *declines* to issue default at this time, as an attempt to defend has been made by defendant."  (emphasis added).

- March 2, 2023 – Plaintiff filed a notice of default.  ECF No. 34.

- March 3, 2023 – Plaintiff filed a notice of default judgment.  ECF No. 35.

- May 18, 2023 – Plaintiff filed a request for the clerk to enter default.  ECF No. 42.

---

[1] These are merely exemplars and not intended to limit the scope of claims that this court lacks jurisdiction to hear.

[2] All ECF citations in this list come from *Miller v. United States Gov't*, No. 3:22-cv-02694-M-BH, in the United States District Court for the Northern District of Texas.

- May 22, 2023 – A docket entry provides "The clerk *declines* to issue default at this time, as an attempt to defend has been made by defendant." (emphasis added).

- Aug. 15, 2023 – The district court dismissed Plaintiff's claims. ECF Nos. 53-54.

- Aug. 21, 2023 – Plaintiff filed a notice of default. ECF No. 56.

- Aug. 16, 2024 – after several unsuccessful motions for relief from the judgment, Plaintiff moved to certify default and default judgment. ECF No. 77.

- Aug. 29, 2024 – the district court denied Plaintiff's motion to certify default and default judgment. ECF No. 78.

The district court's last order is what appears fatal to this portion of Plaintiff's claims here. In its order, the district court stated:

> In support of his Motion, Plaintiff claims the Clerk of Court entered a default against Defendant and the Court entered a default judgment against Defendant. Plaintiff points to ECF No. 24 and ECF No. 25. These filings, however, *do not show what Plaintiff claims they show, as they are Plaintiff's own filings for default and default judgment. The Clerk of Court explicitly declined to issue a clerk's entry of default.* Accordingly, there is *no basis on which the Court could certify a default or default judgment, as neither have been entered in this case.* Plaintiff's Motion is therefore denied.

*Id*. at 1 (emphasis added). Recall that ECF No. 24 in the district court is the *same document* that Plaintiff asserts is the default judgment he seeks to enforce in this court (Exhibit A to his complaint). The district court's ECF Header is still present on Exhibit A, confirming that Plaintiff is seeking to enforce the same "judgment" that the district court found is not a judgment at all. Under *Petro-Hunt*, this court lacks jurisdiction to review the court's order that no default judgment exists.[3] If Plaintiff is unhappy with that holding, his relief (if any) would have been the appellate process, not a complaint in this court. This example also calls into question whether any of the other "default judgments" Plaintiff claims to hold (which he has not filed with the court) are, in fact, default judgments.[4]

In the end, the court is not dismissing on its own motion but simply demonstrating that there are many non-frivolous grounds on which the Government may move to dismiss. And for the avoidance of doubt, the court is not attempting to provide an exhaustive list of the potential grounds for dismissal, only demonstrating that this court cannot find the Government's motion to

---

[3] This is apart from any grounds for dismissal under the doctrine of *res judicata*.

[4] Even if any of Plaintiff's alleged judgments exist, it is not clear what role, if any, this court would have in the enforcement of district court judgments.

dismiss frivolous before the Government even files it.  The court **DENIES** Plaintiff's motion to reject the Government's yet unfiled motion to dismiss, ECF No. 48.

2.    Plaintiff's assertion that the Government is not meeting on a briefing schedule.

Despite his motion about the Government's intent to move to dismiss discussed above, Plaintiff complains that the Government has failed to confer with him.  At the same time, however, Plaintiff asserts in his motion regarding the Government's forthcoming motion that he learned of the Government's intent during a telephone call on June 18, 2025.  ECF No. 48 at 1. The court did not order the Government to accept multiple calls or schedule other conferences with Plaintiff.  The Government has thus complied with this court's order and the court **DENIES** ECF Nos. 49 & 50.

3.    Plaintiff has not established any right to counsel in this case.

Plaintiff has filed several motions seeking legal representation.  *See* ECF Nos. 17, 41, 44, & 51.  He complains that several private attorneys have declined to take his case purportedly because they told Plaintiff that he does not have a constitutional right to counsel in this civil action.  Assuming that is true, it does not move the needle.  First, these attorneys appear to be private individuals, and the court has no authority to compel them to do anything.  Second, and more importantly, they are not wrong.  "[I]n civil cases, a constitutional right to counsel exists, if at all, only when an indigent party 'may lose his/her personal freedom if the action is lost.'" *Pitts v. Shinseki*, 700 F.3d 1279, 1283 (Fed. Cir. 2012) (citations omitted).  Because Plaintiff has not shown any risk of incarceration if he loses this case, he has failed to establish his right to counsel.  Of course, the court is not prohibiting Plaintiff from securing counsel if he finds a willing attorney to represent him in this case.  The court **DENIES** ECF Nos. 17, 41, 44, & 51.

4.    Motion regarding Plaintiff's filing fee.

After conferring with the Clerk's Office, the court has confirmed that Plaintiff has fully paid his filing fee.  Plaintiff's motion relating to the payment of filing fees is **DENIED-AS-MOOT**, ECF No. 12.

5.    Plaintiff's electronic filing privileges.

Finally, given Plaintiff's apparent desire to continue filing many times per day, the court reminds him *again* that once the Government moves to dismiss, the court will consider *only one response* to that motion from Plaintiff absent *extraordinary* circumstances.  Nor will the court consider any motions regarding the merits of this case (or other cases) until final resolution of the Government's motion to dismiss.

A continued flood of filings[5] other than a response to the Government's motion to dismiss will result in the revocation of Plaintiff's electronic filing privileges.  Under this court's

---

[5] In the 15 days this case has been pending, Plaintiff has filed more than 40 motions or notices, many of which are redundant.

rules, pro se litigants may file their documents in paper form or by email. RCFC App'x E ¶ 9(b). But the court may revoke the ability to file by email "at any time." *Id.* ¶ 9(b)(iv). If the court does so, Plaintiff will be required to file his submissions in paper form through either the U.S. Mail or delivery to the court's night filing box located at the garage entrance on H Street NW (between 15th Street and Madison Place).

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge